# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JUNE SESSION, 1999

FILED

October 18, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | |
| | * | No. 03C01-9808-CR-00284 |
| Appellee, | * | |
| | * | KNOX COUNTY |
| vs. | * | |
| | * | Hon. Mary Beth Leibowitz, Judge |
| JEFFREY B. LINDEMEYER, | * | |
| | * | (Selling Drugs in School Zone) |
| Appellant. | * | |

## SEPARATE CONCURRING

I agree that the Drug-Free School Zone Act requires incarceration in the Department of Correction. This conclusion is based upon a comparison of the plain language of the Act itself with the provisions of the Tennessee Community Corrections Act of 1985.

A violation of the Drug-Free School Zone Act requires that the defendant be punished one classification higher than provided in § 39-17-417(b)-(I) and "shall be required <u>to serve at least the minimum sentence</u> for such defendant's appropriate range of sentence." <u>See</u> Tenn. Code Ann. § 39-17-432(b) & (c) (emphasis added). The Act specifically provides that "[a]ny <u>sentence reduction credits</u> . . .<u>shall not operate</u> to permit or allow the <u>release</u> of such defendant prior to full service of such minimum sentence," <u>see</u> Tenn. Code Ann. § 39-17-432 (c) (emphasis added), and that "the provisions . . .relative to <u>release eligibility status and parole</u>, shall not apply to or authorize the release of a defendant." <u>See</u> Tenn. Code Ann. § 39-17-432(d) (emphasis added). Thus, the Act, by its plain language clearly contemplates an incarcerative sentence.

"The Community Corrections Act, on the other hand, was established to provide "front-end community based alternatives to incarceration." See Tenn. Code Ann. § 40-36-103(1) (emphasis added); see also Tenn. Code Ann. § 40-36-104(4) (reduce the number of nonviolent felony offenders committed by participating counties to correctional institutions and jails by punishing these offenders in noncustodial options). Thus, although the Community Corrections Act provides for day for day jail credit for time spent in the community corrections program, see Tenn. Code Ann. § 40-36-106(3)(B), a sentence involving the community corrections program is not a sentence of confinement to which release eligibility dates and good time credits apply. Accordingly, a community corrections sentence is not a sentence of confinement, but rather a non-incarcerative sentencing alternative.

Moreover, under the authority of the Community Corrections Act, the trial court possesses the sole authority to alter, amend or terminate an offender's community corrections sentence. See Tenn. Code Ann. § 40-36-106(e)(1)-(5). However, the Drug-Free Zone Act addresses only the authority of "the governor or the board of paroles" relative to the release of a defendant. See Tenn. Code Ann. § 39-17-432(e) (governor or board of paroles shall not release or cause the release of a defendant sentenced under this act prior to the service of the entire minimum sentence). By omission of the trial court's authority in this subsection, it may logically be inferred that the legislature did not intend to permit service of the "mandatory minimum sentence" in a community based sentencing alternative.

For these reasons, I would affirm.

_____
DAVID G. HAYES, Judge

2